## JUNG BREWING COMPANY v. WILLIAM F. RUND.[1]

### December 13, 1918.

### No. 21,021.

**Fixtures — recovery of value — verdict supported by evidence.**

Testimony considered and *held* sufficient to justify the verdict. There was no reversible error in the rulings on the admissibility of evidence.

[1]Reported in 169 N. W. 706.

Action in the district court for Dakota county to recover $1,236.27 for breach of contract and to have the judgment made a lien upon the premises described in the complaint. The answer interposed a counterclaim, alleging that plaintiff, subsequent to the commencement of the action, with force and violence entered upon the premises and removed therefrom large and material parts of the permanent improvements to the value of $300. The case was tried before Converse, J., who, when plaintiff rested, denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,109.96. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*P. H. O'Keefe,* for appellant.

*Hiram D. Frankel, W. H. Gillit* and *Martin J. Hurley,* for respondent.

QUINN, J.

The plaintiff, a brewing company, and the defendant, a retail liquor dealer, entered into a written agreement, by the terms of which plaintiff was to sell, and supply to defendant, beer of its own brew, for the period of 10 years from September 15, 1913, at a certain price, to be sold in the premises hereinafter referred to, also to furnish saloon fixtures, tables, chairs, cellar ice-box, plumbing, partitions, steel ceiling, tile floor and a new front for defendant's two story brick building situated in South St. Paul. In consideration thereof, defendant was to keep open and run a saloon therein and to handle only the beer brewed and supplied by plaintiff during such period, to keep the premises and fixtures in good repair and the fixtures well insured. It was also agreed that if defendant should neglect or fail to procure a license to operate a saloon in said premises during the first five years of such term, or by reason of any breach of said agreement failed to keep the condition of the agreement, then the plaintiff was to be reimbursed in a sum equal to 60 per cent of the total expense of all permanent improvements put into the premises. All articles of personal property furnished by plaintiff were to remain its property, subject to the use thereof by the defendant during the term of such agreement. Both parties kept and complied with the terms of the agreement up to August 15, 1916, when the defendant sold his saloon business to a distilling company and plaintiff's beer was no longer handled therein.

This action was brought to recover 60 per cent of the amount which plaintiff expended under the contract referred to in the way of permanent improvements to said premises. Plaintiff recovered a verdict for $1,109.96. From an order denying his motion for a new trial, defendant appealed.

It appears from the testimony, that written specifications for the improvements contemplated were prepared and agreed upon between the parties, and the improvments made in compliance therewith. There was little or no dispute between the parties as to these matters. The testimony is clear that plaintiff paid therefor the sum of $1,965, but that amount included an item of $95.45 for one hydraulic pump, attachments and fixtures in connection therewith, and an item of $150 for a cellar ice-box. Neither of these items constituted an improvement to the premises, and, when deducted from the amount paid by the plaintiff, leave $1,719.55, 60 per cent of which, together with interest at six per cent from the date defendant breached his contract, constitutes the amount of the verdict. While there is a sharp conflict in the testimony as to the reasonable value of the improvements, there is ample testimony to justify the findings of the jury. The cause was fully and fairly submitted to the jury and the verdict is sustained by the evidence. Many objections were interposed to the testimony upon both sides. We have examined the same with care and find no reversible error.

Affirmed.